UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TIWANN WILEY, | ) |
| Plaintiff, | ) Case No. 1:22-cv-169 |
| v. | ) Judge Atchley |
| HAMILTON COUNTY SHERIFF'S DEPARTMENT, | ) Magistrate Judge Lee |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Silverdale Hamilton County Detention Center ("Silverdale"), filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* indicating that his request for his trust account statement was denied [Doc. 2 p. 1]. Accordingly, on July 1, 2022, the Court entered an order that (1) notified Plaintiff that in order for this matter to proceed, he must pay the require filing fee or submit the required documents to proceed *in forma pauperis*; (2) directed the Clerk to send Plaintiff an inmate trust account statement form; (3) ordered Plaintiff to show that order to the custodian of inmate accounts at Silverdale; (4) directed the custodian of inmate accounts at Silverdale to provide Plaintiff with the required *in forma pauperis* documents; (5) provided Plaintiff thirty days to return the required *in forma pauperis* documents; and (6) warned Plaintiff that failure to timely comply would result in the Court presuming he is not a pauper, assessing him with the full amount of fees, and ordering the case dismissed for want of prosecution [Doc. 3 p. 1–2]. Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Thus, for the reasons set forth below, the Court will assess Plaintiff with the full filing fee and dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order but chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as the Court noted above, the Court warned Plaintiff that failure to timely comply would result in this action being dismissed [*Id.* at 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with clear instructions, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can

comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order or seeking an extension of time to do so, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $402 and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $402 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at Silverdale and the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. An appropriate judgement order shall enter.

**SO ORDERED**.

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**